# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

RETIREE BENEFIT TRUST OF THE
CITY OF BALTIMORE, Individually and
on Behalf of All Others Similarly Situated,

                        Plaintiff,

          vs.

MALIBU BOATS, INC., JACK
SPRINGER, BRUCE BECKMAN, DAVID
BLACK, and WAYNE WILSON,

                        Defendants.

Case No. 1:24-cv-03254-LGS

**CLASS ACTION**

**STIPULATION AND AGREEMENT OF
SETTLEMENT**

# TABLE OF CONTENTS

I.    THE ACTION ........................................................................................................... 1

II.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT ........................ 2

III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY ............................ 3

IV.    SETTLEMENT TERMS ......................................................................................... 4

    1.    Definitions ................................................................................................. 4

    2.    The Settlement ........................................................................................ 14

    3.    Class Certification and Preliminary Approval Order ............................................. 18

    4.    Notice and Settlement Administration ................................................................. 19

    5.    Release of Claims ................................................................................... 26

    6.    Terms of the Judgment ........................................................................... 27

    7.    Attorneys' Fees and Litigation Expenses ............................................................ 28

    8.    Conditions of Settlement ........................................................................ 29

    9.    Rights of Termination and Effects Thereof .......................................................... 29

    10.    No Admission of Wrongdoing ............................................................... 32

    11.    Miscellaneous Provisions ....................................................................... 33

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of July 29, 2025 (the "Stipulation") is entered into between: (a) Retiree Benefit Trust of the City of Baltimore ("Lead Plaintiff" or "Plaintiff"), on behalf of itself and the other members of the Settlement Class (defined below); and (b) (i) defendant Malibu Boats, Inc. ("MBI" or the "Company"); and (ii) defendants Jack Springer ("Springer"), Bruce Beckman ("Beckman"), David Black ("Black"), and Wayne Wilson ("Wilson") (the "Individual Defendants," and, together with Malibu Boats, the "Defendants," and, together with Lead Plaintiff, the "Parties").[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against the Defendants.

## I.    THE ACTION

The original securities class action complaint in the Action was filed in this District on April 29, 2024 by Plaintiff Seongjae Yoon, alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder. ECF No. 1.  On August 15, 2024, the Court appointed Retiree Benefit Trust of the City of Baltimore as Lead Plaintiff pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and approved Lead Plaintiff's selection of Lead Counsel Saxena White P.A. ("Saxena White").  ECF No. 36.  On October 4, 2024, Lead Plaintiff filed its Amended Class Action Complaint for Violations of the Federal Securities Laws ("Amended Complaint"), asserting claims under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Sections 20(a) of the Exchange Act, for a class period of November 4, 2022 through May 1, 2024,

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.  The singular forms of nouns and pronouns include the plural and vice versa.

inclusive ("Class Period" or "Settlement Class Period").  ECF No. 43.

The Amended Complaint alleges, among other things, that throughout the Class Period, MBI and its executives made materially false and misleading statements to assure the market that MBI's performance was insulated from the post-COVID recreational boat market downturn, that it was appropriately managing inventory levels at its third-party dealers, and that its dealer network remained healthy.  The Amended Complaint further alleged that the price of MBI common stock and MBI call and put options was artificially inflated (deflated for put options) throughout the Class Period.

On November 8, 2024, Defendants filed their motion to dismiss the Amended Complaint ("Motion to Dismiss") and accompanying documents.  ECF Nos. 50-52.  Lead Plaintiff filed its opposition on December 6, 2024 (ECF No. 55), and Defendants filed their reply on December 20, 2024 (ECF No. 57).  As of the date of Settlement, the Court had not scheduled a hearing on the Motion to Dismiss or issued a ruling.

On May 16, 2025, the Parties participated in an all-day mediation session, with Jed D. Melnick serving as a mediator.  In advance of the mediation, the Parties submitted and exchanged mediation statements, which addressed among other things, issues related to liability, loss causation, and damages.  At the end of the mediation, the Parties reached an agreement in principle to settle the Action for a cash payment of $7,800,000 for the benefit of the Settlement Class, subject to the final approval of the appropriate board or management of the respective parties and the execution of a mutually agreeable settlement stipulation and related papers.  The same evening, the Parties informed the Court that they had reached an agreement in principle to settle the case.

## II.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Based on their evaluation, Lead Plaintiff and its counsel have determined that the terms set forth in this Stipulation are fair, reasonable, adequate, and in the best interests of the Settlement

Class.  Based upon its investigation and prosecution of the case, Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports those claims.  The Stipulation shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit or that any defenses asserted by Defendants have merit.  However, Lead Plaintiff recognizes and acknowledges the potential expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and through appeals.

Lead Plaintiff has considered the uncertain outcome and risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays of such litigation. Furthermore, Lead Plaintiff took into account MBI's ability to pay a more sizable settlement, considering the Company's limited applicable D&O liability insurance and limited cash.  Lead Plaintiff is also mindful of the inherent difficulties of proof associated with, and possible defenses to, the securities law violations asserted in the Action.  Lead Plaintiff believes that the terms set forth in this Stipulation confer substantial benefits upon the Settlement Class.

## III.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Throughout this Action, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Action.  Defendants have denied, and continue to deny, the allegations that Lead Plaintiff or any Settlement Class Members have suffered damages or were harmed by any of the conduct alleged in the Action or that could have been alleged as part of the Action.  Defendants maintain that they have meritorious defenses to all claims in the Action.

Although Defendants continue to believe the claims asserted against them in the Action are

3

without merit, they have agreed to enter into the Settlement set forth in this Stipulation solely to avoid the expense, distraction, time, and uncertainty associated with the Action. Having taken into account the risks inherent in any litigation, especially in complex cases such as this Action, Defendants have concluded that it is desirable and beneficial that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

## IV.    SETTLEMENT TERMS

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendant Releasees and all Released Defendants' Claims as against the Plaintiff Releasees shall be settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth below.

### 1.    Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.1    "Action" means the securities class action styled *Retiree Benefit Trust of the City of Baltimore v. Malibu Boats, Inc., et al.*, Case No. 1:24-cv-03254-LGS (S.D.N.Y.).

1.2    "Authorized Claimant" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

1.3    "MBI" or "the Company" means Malibu Boats, Inc.

1.4    "Claim" means a Proof of Claim Form or electronic claim submitted by a Claimant or Settlement Class Member to the Claims Administrator.

4

1.5     "Claim Form" or "Proof of Claim Form" means the form attached hereto as Exhibit A-2, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund.

1.6     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.7     "Claims Administrator" means A.B. Data, Ltd., the firm retained by Lead Plaintiff and Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.8     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.9     "Court" means the United States District Court for the Southern District of New York.

1.10    "Defendants" means MBI and the Individual Defendants.

1.11    "Defendants' Counsel" means Cooley LLP.

1.12    "Defendant Releasees" means each and all Defendants, Defendants' Counsel, the D&O Insurers, and their respective Related Persons.

1.13    "Derivative Actions" means the cases captioned as *In re Malibu Boats, Inc. Derivative Litigation*, Case No. 1:24-cv-09018 (S.D.N.Y.); *Schulz v. Springer, et al.*, Case No. 3:25-cv-00142 (E.D. Tenn.); and *Green v. Springer, et al.*, Case No. 3:25-cv-00223 (E.D. Tenn.).

1.14    "D&O Insurers" means Defendants' directors' and officers' liability insurance carriers.

1.15    "Effective Date" means the first date by which all of the conditions specified in Paragraph 8.1 below have been met and have occurred or have been waived.

1.16    "Escrow Account" means an account maintained at The Huntington National Bank, wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

1.17    "Escrow Agent" means The Huntington National Bank.

1.18    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

1.19    "Excluded Claims" means (i) any claims asserted in the Derivative Actions or any other derivative or ERISA action based on similar allegations as those set forth in the Amended Complaint; and (ii) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

1.20    "Final," with respect to the Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order: (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise; or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses; (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified); or (iii)

6

the procedures for determining Authorized Claimants' recognized claims, or distribution of the Net Settlement Fund to Authorized Claimants, shall not in any way delay or affect the time set forth above for the Judgment to become Final, or otherwise preclude a judgment from becoming Final.

1.21 "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

1.22 "Individual Defendants" means Jack Springer, Bruce Beckman, David Black, and Wayne Wilson.

1.23 "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other than the form attached hereto as Exhibit B and where none of the Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.24 "Lead Counsel" means the law firm of Saxena White P.A.

1.25 "Lead Plaintiff" means Retiree Benefit Trust of the City of Baltimore.

1.26 "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the reimbursement of time, costs and expenses of Lead Plaintiff directly related to its representation of the Settlement Class as permitted by the PSLRA), for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

1.27 "MBI Securities" means MBI common stock and MBI call and put options.

1.28 "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes or Tax Expenses; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the

7

Court; (iv) any attorneys' fees awarded by the Court; and (v) other Court-approved deductions.

1.29    "Notice" means the Notice of (i) Pendency of Class Action and Proposed Settlement and Plan of Allocation; (ii) Settlement Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, which shall be made available online at a website maintained by the Claims Administrator or mailed to Settlement Class Members upon request.

1.30    "Notice and Administration Costs" means the costs, fees and expenses that are actually incurred by the Claims Administrator and/or Lead Counsel in connection with: (i) providing notice of the Settlement to the Settlement Class including through distribution of the Notice, Summary Notice, and Postcard Notice by mail, publication, and other means of locating potential Settlement Class Members; and (ii) administering the Settlement, including, but not limited to, the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

1.31    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

1.32    "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Settlement Class.

1.33    "Plaintiff Releasees" means Lead Plaintiff, all other plaintiffs in the Action, Lead Counsel, and all other Settlement Class Members, as well as each of their respective current and former Officers, directors, agents, parents, affiliates, subsidiaries, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

1.34    "Plan of Allocation" means the proposed plan or formula for allocation of the Net Settlement Fund to Authorized Claimants as set forth as an exhibit to the Notice.  Any Plan of Allocation is not part of the Stipulation, and Defendant Releasees shall have no responsibility for the Plan of Allocation or its implementation and no liability with respect thereto.  Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment or any other orders entered by the Court pursuant to this Stipulation.

1.35    "Postcard Notice" means the Postcard Notice of (i) Pendency of Class Action, Certification of Settlement Class, and Proposed Settlement and Plan of Allocation; (ii) Settlement Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-4, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court, which is to be mailed or emailed to Settlement Class Members. The Postcard Notice shall direct Settlement Class Members to the Settlement website to access the Claim Form and the Notice, which shall contain the general terms of the Settlement and set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the fee and expense application, and the date of the Settlement Hearing.

1.36    "Preliminary Approval Order" means the order to be entered by the Court preliminarily approving the Settlement and directing that Postcard Notice of Settlement be provided to the Settlement Class, in the form attached hereto as Exhibit A, or in such other form as may be approved by the Court.

1.37    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

1.38    "Related Persons" means (i) with respect to Defendants, Defendants' Counsel, and the D&O Insurers, each of their respective current and former, Officers, directors, agents, parents, affiliates, subsidiaries, reinsurers, successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such; and (ii) with respect to the Individual Defendants, their respective spouses, Immediate Family members, heirs, successors, executors, estates, administrators, attorneys, agents, accountants, insurers or reinsurers, personal representatives, trusts, community property, and any other entity in which any of them has a controlling interest, and as to such entities, each and all of their predecessors, successors, past, present or future parents, subsidiaries, affiliates, and each of their respective past or present Officers, directors, shareholders, agents, partners, principals, members, employees, attorneys, advisors, trustees, auditors and accountants, insurers and reinsurers.

1.39    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

1.40    "Released Defendants' Claims" means all claims, demands, losses, rights, liability or causes of action, in law or equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description, whether known claims or Unknown Claims, or based on federal, state, local, statutory, or common law or any other law, rule or regulation (including the law of any jurisdiction outside the United States), that were or could have been asserted in the Action or could in the future be asserted in any forum, whether foreign or domestic, against Plaintiff Releasees by Defendants or any member of Defendant Releasees, or their successors, assigns, executors, administrators, representatives, attorneys and agents in their capacity as such, which arise out of,  relate to, or are based upon the institution, prosecution, or settlement of the claims asserted in the Action against the Defendants. Released Defendants'

10

Claims do not include any claims relating to the enforcement of the Settlement or any Excluded Claims.

1.41    "Released Plaintiffs' Claims" means, to the extent allowed by law, all claims, demands, losses, rights, or causes of action, in law or equity, accrued or unaccrued, fixed or contingent, direct, individual, or representative, of every nature and description whatsoever, whether known or Unknown Claims, or based on federal, state, local, statutory, or common law or any other law, rule, or regulation (including the law of any jurisdiction outside of the United States), that were or could have been asserted in this Action or could in the future be asserted in any forum, whether foreign or domestic, whether arising under federal, state, common, or foreign law, against Defendant Releasees by Lead Plaintiff, any member of the Settlement Class or their successors, assigns, executors, administrators, representatives, attorneys, and agents, in their capacities as such, whether brought directly or indirectly against any of the Defendants, which (a) arise out of, are based upon, or relate to in any way any of the allegations, facts, transactions, events, matters, occurrences, acts, disclosures, oral or written statements, representations, omissions, failures to act, filings, publications, disseminations, press releases, or presentations involved, set forth, alleged or referred to, in this Action, or which could have been alleged in this Action, and (b) arise out of, are based upon, or relate to in any way to the purchase, acquisition, holding, sale, or disposition of MBI Securities during the Settlement Class Period. Released Plaintiffs' Claims do not include: (i) any claims relating to the enforcement of the Settlement or (ii) Excluded Claims.

1.42    "Releasee(s)" means each and any of the Defendant Releasees and each and any of the Plaintiff Releasees.

1.43    "Releases" means the releases set forth in ¶¶5.2-5.5 of this Stipulation.

1.44    "Settlement" means the settlement of the Action between Lead Plaintiff and the Defendants on the terms and conditions set forth in this Stipulation.

1.45    "Settlement Amount" means $7,800,000.00 in cash to be paid by Defendants' D&O insurers.

1.46    "Settlement Class" or "Class" all persons or entities who purchased or otherwise acquired MBI Securities between November 4, 2022 and May 1, 2024, inclusive, and who were damaged thereby.  Excluded from the Settlement Class are: (1) Defendants; (2) the Officers or directors of MBI during the Settlement Class Period; (3) the Immediate Family members of any Defendant or any Officer or director of MBI during the Settlement Class Period; and (4) any entity that any Defendant owns or controls, or owned or controlled, during the Settlement Class Period. Also excluded from the Settlement Class are those persons and entities which file valid and timely requests for exclusion in accordance with the Preliminary Approval Order.

1.47    "Settlement Class Period" or "Class Period" means the time period between November 4, 2022 and May 1, 2024, inclusive.

1.48    "Settlement Class Member" means each person or entity who or which is a member of the Settlement Class.

1.49    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

1.50    "Settlement Hearing" or "Final Approval Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.51    "Stipulation" or "Settlement Agreement" means this Stipulation of Settlement, including the recitals and exhibits hereto (the "Exhibits"), each of which is incorporated by

reference as though set forth in the Stipulation itself.

1.52    "Summary Notice" means the Summary Notice of (i) Pendency of Class Action Certification of Settlement Class, and Proposed Settlement and Plan of Allocation; (ii) Settlement Hearing; and (iii) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order, or in such other form as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court..

1.53    "Tax" or "Taxes" means: (i) all federal, foreign, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

1.54    "Tax Expenses" means any expenses and costs incurred in connection with the calculation and payment of Taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶¶2.6-2.7.

1.55    "Unknown Claims" means any Released Plaintiffs' Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims that any Defendant or any other Defendant Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it might have affected his, her, or its

decision(s) with respect to this Settlement including, but not limited to, whether or not to object to this Settlement or to the release of any Released Claims. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by California Civil Code § 1542 and any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Releasees acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims but they are, notwithstanding this potential, entering into the Stipulation and intend it to be a full, final, and permanent resolution of the matters at issue in this Action. Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Plaintiff Releasees and Defendant Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## 2. The Settlement

### a. The Settlement Fund

2.1    Subject to the terms of this Stipulation, Defendants shall cause the Settlement Amount to be paid into the Escrow Account designated by the Escrow Agent within twenty (20)

14

business days after the latter of (a) entry of an order preliminarily approving the Settlement, or (b) provided that Lead Counsel has first provided Defendants' Counsel with all information necessary to effectuate a transfer of funds to the Escrow Account, including the bank name and ABA routing number, address, and account name and number, a signed W-9, banking verification any forms reasonably required by any payor of a portion of the Settlement Amount, and a contact person from Lead Counsel with a phone number who can verbally verify the payment instructions and verbal verification of the payment instructions by the contact provided.

2.2     The payments described in ¶ 2.1 are the only payments to be made by or on behalf of any and all of the Defendant Releasees in connection with this Settlement.  All fees, costs, and expenses incurred by or on behalf of Lead Plaintiff and members of the Settlement Class associated with this Settlement, including, but not limited to, (a) any Taxes or Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) other Court-approved deductions, shall be paid from the Settlement Fund, and in no event shall any Defendant Releasee bear any responsibility or liability for any such fees, costs, or expenses.

### b.     Use of Settlement Fund

2.3     Subject to the terms and conditions of this Stipulation and the Settlement, the Settlement Fund shall be used to pay: (a) any Taxes or Tax Expenses; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 4.1-4.14 below, or as otherwise ordered by the Court.

2.4     Except as provided herein or pursuant to orders of the Court, the Net Settlement

Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation or further order(s) of the Court. At the written direction of Lead Counsel, the Escrow Agent shall invest the Settlement Fund exclusively in instruments, funds, or accounts backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account. All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent, and the Defendant Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to any investment decisions or actions taken, or any transactions executed by, the Escrow Agent.

2.5     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation or by an order of the Court.

2.6     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendant Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrators of the Settlement

Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. Such elections shall be made in compliance with procedures and requirements contained in such regulations. It shall be the responsibility of Lead Counsel to timely prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to timely occur.

2.7     All Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendant Releasees shall have no responsibility or liability for the acts or omissions of the Claims Administrator, the Escrow Agent, Lead Counsel, or their agents with respect to the payment of Taxes or Tax Expenses, as described herein, or the filing of any tax returns or other documents in connection with the Settlement Fund.

2.8     The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant Releasee, or any person or entity who or which paid any portion of the Settlement Amount, shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of recognized claims of Authorized Claimants, the percentage of

recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. In no instance shall any Defendant be required to cause to be paid any amount other than as specified in Paragraph 2.1.

2.9     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, reasonable Notice and Administration Costs actually incurred and paid or payable.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing, emailing, and/or mailing the Postcard Notice or Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to any of the Defendant Releasees, or any person or entity who or which paid any portion of the Settlement Amount.

**3.     Class Certification and Preliminary Approval Order**

3.1     Solely for the purposes of the Settlement and for no other purpose, the Parties stipulate and agree to (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) certification of Lead Plaintiff as class representative for the Settlement Class; and (c) appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

3.2     As soon as practicable after execution of the Stipulation, Lead Plaintiff will move

for preliminary approval of the Settlement and certification of the Settlement Class for settlement purposes only, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, in the form attached hereto as Exhibit A, or in such other form as may be approved in writing by all the Parties acting by and through their respective counsel of record in the Acton and entered by the Court, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, approval for distributing the Postcard Notice in substantially the form of Exhibit A-4 attached hereto, for publication of the Summary Notice in substantially the form of Exhibit A-3 attached hereto, and for publication on the Settlement website and mailing (upon request) of the (long-form) Notice in substantially the form of Exhibit A-1 attached hereto, or in such other forms as may be approved in writing by all of the Parties acting by and through their respective counsel of record in the Action and approved by the Court.

3.3     In addition, Lead Plaintiff's motion shall request that the Court hold the Final Approval Hearing. At or prior to the Final Approval Hearing, Lead Counsel will request that the Court approve the proposed Plan of Allocation, reimbursement of Lead Plaintiff's costs and expenses directly related to their representation of the Settlement Class, Lead Counsel's request for attorneys' fees and expenses, and any Notice and Administration Costs reasonably incurred or to be incurred.

**4.     Notice and Settlement Administration**

4.1     As part of the Preliminary Approval Order, Lead Plaintiff shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, which includes, but is not limited to, the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Other than MBI's obligation to provide shareholder information as provided in ¶ 4.2 below, none of the

19

Defendant Releasees shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or Lead Counsel, in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

4.2     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail or email the Postcard Notice to those members of the Settlement Class who may be identified through reasonable effort.  The Postcard Notice shall direct Settlement Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the motion for an award of attorney's fees and reimbursement of Litigation Expenses, the Claim Form, and the date of the Settlement Hearing. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within ten (10) calendar days after the Court enters the Preliminary Approval Order, MBI shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator) records reasonably available to MBI or its transfer agent concerning the identity and last known address of Settlement Class Members, in electronic form or other form as is reasonably available to MBI or its transfer agent, which information the Claims Administrator shall treat and maintain as confidential.

4.3     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized claim compared to the total recognized claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth as an exhibit to the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves).

4.4     The proposed Plan of Allocation is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendant Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant Releasees shall have any involvement with or liability, obligation, or responsibility whatsoever in connection with the Plan of Allocation or any other Court-approved plan of allocation.

4.5     Any Settlement Class Member who or which does not submit a valid Claim Form by the deadline set by the Court (unless and to the extent the deadline is extended by the Court) will not be entitled to receive any distribution from the Net Settlement Fund, but will, nevertheless, upon the occurrence of the Effective Date, be bound by all of the terms of this Stipulation and Settlement (including the terms of the Judgment) and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendant Releasee with respect to the Released Plaintiffs' Claims.

4.6     Any Settlement Class Member who or which does not timely and validly request

exclusion from the Settlement Class in the manner stated in the Preliminary Approval Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of this Stipulation, the Settlement, and all proceedings, determinations, orders, and judgments in the Action relating to the Settlement, including, but not limited to, the Judgment, and the Releases provided for therein whether favorable or unfavorable to the Settlement Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Defendant Releasees.

4.7    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No Defendant Releasee shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice. To the extent any monies remain in the fund six (6) months after the initial distribution of the Net Settlement Fund, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines

22

that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court, or as otherwise ordered by the Court.

4.8    The Net Settlement Fund shall be distributed to Authorized Claimants only after the later of the Effective Date; the Court having approved a plan of allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

4.9    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Settlement Class Member shall be required to submit a Claim Form, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless extended by the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, and by the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other

23

proceeding of any kind against any Defendant Releasee with respect to any Released Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, including online submission via the Settlement website, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim(s) the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim(s) is/are to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim(s) has/have been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute

24

concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court, on reasonable notice to Defendants' Counsel.

4.10    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to reasonable investigation to the extent necessary to determine Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No investigation shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claim Forms.

4.11    Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

4.12    Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members who do not submit a Claim or whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action; and by the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendant Releasees with respect to any and all of the Released Claims.

4.13    No Claimant or Settlement Class Member shall have any claim against Lead Plaintiff, Lead Counsel, Defendants' Counsel, any Parties' experts, the Claims Administrator (or

any other agent designated by Lead Counsel), or the Defendant Releasees based on any investments, costs, expenses, administration, allocations, calculation, payments, the withholding of taxes (including interest and penalties) owed by the Settlement Fund (or any losses incurred in connection therewith), or distributions that are made substantially in accordance with this Stipulation and the Settlement, the plan of allocation approved by the Court, or further orders of the Court.

4.14    All proceedings with respect to the administration, processing and determination of Claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## 5.    Release of Claims

5.1    The satisfaction of the obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action as against Defendant Releasees and as to any and all Released Claims.

5.2    Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, and by operation of this Stipulation, of law, and of the Judgment, Plaintiff Releasees shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees. This release shall not apply to any Excluded Claim.

5.3    Pursuant to the Judgment, without further action by anyone, upon the Effective

26

Date of the Settlement, Defendant Releasees shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This release shall not apply to any Excluded Claim.

5.4    Upon the Effective Date, Plaintiff Releasees are forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, any Released Plaintiffs' Claims against any of the Defendant Releasees.

5.5    Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

5.6    Notwithstanding ¶¶ 5.2-5.5 above, nothing in the Judgment shall restrict or impair the rights of any Party to enforce or effectuate the terms of this Stipulation or the Judgment.

5.7    The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any Party, except for the payments expressly provided for herein.

### 6.    Terms of the Judgment

6.1    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, in the form attached hereto as Exhibit B.

27

7.      **Attorneys' Fees and Litigation Expenses**

7.1      Lead Counsel will apply to the Court for a collective award of attorneys' fees to Lead Counsel to be paid from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's lost wages, costs, and expenses directly related to its representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

7.2      Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award or as otherwise provided by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees or Litigation Expenses is reduced or reversed, and such order reducing or reversing the award has become Final. Lead Counsel shall make the appropriate refund or repayment in full (including interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account) no later than thirty (30) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees or Litigation Expenses has become Final. An award of attorneys' fees or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiffs nor Lead Counsel may cancel or terminate the Settlement based on this

28

Court's or any appellate court's ruling with respect to attorneys' fees or Litigation Expenses.

7.3     Defendant Releasees shall have no responsibility for or liability whatsoever with respect to the payment, allocation, or award of attorneys' fees or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Lead Counsel shall be payable solely from the Settlement Fund in the Escrow Account.

## 8.     Conditions of Settlement

8.1     The Effective Date of this Stipulation shall be conditioned on the occurrence or waiver of all of the following events:

(a)     entry of the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, in accordance with Section 3 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of Paragraph 2.1 above;

(c)     entry of the Judgment in accordance with Paragraph 6.1 above;

(d)     the Judgment becoming Final, as defined in Paragraph 1.20 above; and

(e)     that the Settlement is not otherwise terminated pursuant to the terms set forth in this Stipulation.

8.2     If all of the conditions specified in Paragraph 8.1 above are not met, then this Stipulation shall be canceled and terminated subject to Paragraph 9.4 below unless Lead Plaintiff and Defendants mutually agree in writing to proceed with this Stipulation.

## 9.     Rights of Termination and Effects Thereof

9.1     Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to counsel for the other parties within thirty (30) days after the date on which any of the following occurs:

(a)    the Court declines to grant preliminary or final approval of the Settlement, and the Parties are unable to reach a resolution to resolve any concerns raised by the Court as set forth in Paragraph 9.3 below;

(b)    the Court declines to enter the Judgment in any material respect;

(c)    the Judgment is modified or reversed in any material respect on appeal;

(d)    in the event that the Court enters a judgment other than the one in the form of Exhibit B attached hereto, and neither Lead Plaintiff nor Defendants elect to terminate the Settlement, the date that such other judgment is modified or reversed in any material respect on appeal.

9.2    If, prior to the Final Approval Hearing, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion ("Requests for Exclusion") from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice, and such Persons in the aggregate have purchased or otherwise acquired MBI common stock in an amount that equals or exceeds the sub specified in a separate supplemental agreement between the Parties (the "Supplemental Agreement"), MBI shall have the option, but not the obligation, to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement ("Opt-out Termination Option"). The Supplemental Agreement is confidential and will not be filed with the Court unless requested by the Court or a dispute among the Parties concerning its interpretation or application arises. The Parties will file a statement identifying the existence of the Supplemental Agreement pursuant to Federal Rule of Civil Procedure 23(e)(1)(c)(2), and reference the Supplemental Agreement in the Notice. Copies of all Requests for Exclusion received, together with copies of all written revocations of Requests for Exclusion (if any), shall be provided to Defendants' Counsel no later

30

than twenty-one (21) calendar days prior to the Settlement Hearing.

9.3    If the Court declines to grant preliminary or final approval of the Settlement for any reason, that shall not be an immediate basis for either Lead Plaintiff or Defendants to terminate the Settlement; instead, in such a scenario, the Parties agree to work together in good faith to make appropriate modifications, as may be necessary, to the Settlement to resolve any concerns raised by the Court.  If the Parties cannot reach resolution after making such good faith efforts, either Lead Plaintiff or MBI may elect to terminate the Settlement.

9.4    Unless otherwise ordered by the Court, in the event this Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Escrow Agent for the Settlement Fund shall, upon written instructions from Defendants' Counsel, cause the Settlement Fund, including any attorneys' fees and costs paid from the Settlement Fund pursuant to Section 7 above, to revert back to the party that made the deposit into the Settlement Fund, together with any interest earned thereon, less any deductions for: (1) any Taxes pursuant to Paragraphs 2.6-2.7 above due with respect to any interest earned by the Settlement Fund; and (2) any amounts reasonably and actually paid, incurred or due and owing pursuant to Paragraph 2.9 above in connection with notice and administration of the Settlement provided for herein.  If this Stipulation is terminated pursuant to its terms, the Escrow Agent, at the request of Defendants or Lead Plaintiff, shall apply for any tax refund owed to the Settlement Fund and pay the proceeds of the tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendants (or their designate(s)).

9.5    If this Stipulation is terminated pursuant to its terms, each of the Parties shall be deemed to have reverted to his, her, or its status immediately prior to the execution of this

Stipulation, and they shall proceed in all respects as if this Stipulation had not been executed and the related orders had not been entered, shall retain all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action. In such event, the terms and provisions of the Stipulation, with the exception of provisions of Paragraphs 2.9, 7.2, 9.4, 10.1, 11.2, 11.4, 11.7, 11.20, and 11.24 shall have no further force and effect with respect to each of the Parties and shall not be used in this Action or in any other proceeding for any purpose.

9.6    For the avoidance of doubt, no order of the Court or modification or reversal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, and expenses awarded by the Court shall constitute a condition to the Effective Date or grounds for cancellation or termination of the Stipulation.

**10.    No Admission of Wrongdoing**

10.1    Neither this Stipulation nor the Settlement set forth herein, whether or not consummated, nor any facts or terms of this Stipulation, negotiations, discussions, proceedings, acts performed, or documents executed pursuant to or in furtherance of this Stipulation or the Settlement:

(a)    shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (aa) the truth of any fact alleged by Lead Plaintiff or any Settlement Class Member; (bb) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (dd) any liability, negligence, fault, or other wrongdoing of any of the Defendant Releasees; or (ee) any damages suffered by Plaintiff or the Settlement Class; or (ii) in any way referred to for any other reason against any of the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including arbitration)

32

other than such proceedings necessary to effectuate the provisions of this Stipulation;

(b)    shall be (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault or wrongdoing; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including arbitration) other than such proceedings necessary to effectuate the provisions of this Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## 11.    Miscellaneous Provisions

11.1    This Stipulation and the Exhibits attached hereto constitute the entire agreement between the Parties with regard to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Parties.

11.2    No modification or amendment of this Stipulation shall be valid unless made in writing and signed by or on behalf of each party hereto, or their respective successors-in-interest. No representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits, other than the representations and warranties contained and memorialized in such documents.  Except as otherwise provided for herein, each party shall bear his, her, or its own attorneys' fees and costs and expenses.

33

11.3    As set forth in the Class Action Fairness Act of 2005 ("CAFA"), MBI shall timely serve a CAFA notice within ten (10) calendar days of the filing of this Stipulation with the Court and shall provide Lead Counsel with a copy of such notice within five (5) calendar days of such service.  MBI shall be responsible for all costs and expenses related thereto.

11.4    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendant Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, except in the event of the termination of this Settlement, Lead Plaintiff, and their counsel, and Defendants, and their counsel, agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith and without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  No Party shall assert any claims or allegations of any violation of any other Parties' discovery obligations under the Federal Rules.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

11.5    While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution), will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  Likewise, while

34

retaining their right to assert that their claims in the Action were meritorious, Lead Plaintiff and

Lead Counsel, in any statement made to any media representative (whether or not for attribution),

will not assert that Defendants' defenses were asserted in bad faith, nor will they deny that

Defendants defended the Action in good faith and that the Action is being settled voluntarily after

consultation with competent legal counsel. In all events, Lead Plaintiff, and its counsel, and

Defendants, and their counsel, shall not make any accusations of wrongful or actionable conduct

by either Party concerning the prosecution, defense, and resolution of the Action, and shall not

otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

11.6    Defendants and any Defendant Releasee may file the Stipulation and/or the

Judgment in any action that may be brought against them in order to support a defense, claim, or

counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement,

judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar

defense or counterclaim.

11.7    All agreements made, and orders entered, during the course of the Action relating

to the confidentiality of information shall survive this Settlement.

11.8    All of the Exhibits to this Stipulation are material and integral parts hereof and are

fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there

exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit

attached hereto, the terms of the Stipulation shall prevail.

11.9    Lead Counsel, on behalf of the Settlement Class, is expressly authorized to take all

appropriate action required or permitted to be taken by the Settlement Class pursuant to this

Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications

or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

11.10   All counsel and any other Person executing this Stipulation and any of the Exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

11.11   Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

11.12   This Stipulation may be executed in one or more counterparts, including by signature transmitted by facsimile or email, or by a .pdf/.tif image of the signature transmitted via email.  The signatures so transmitted shall be given the same effect as the original signatures.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

11.13   This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

11.14   This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

11.15   All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided.  In computing any period of time prescribed or allowed by the terms of this Stipulation or by order of Court, the day of the act, event, or default from which the

designated period of time begins to run shall not be included.  The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which case the period shall run until the end of the next day that is not one of the aforementioned days.  As used in the preceding sentence, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Juneteenth, Independence Day, Labor Day, Columbus Day, Veterans' Day, Thanksgiving Day, Christmas Day, and any other appointed as a federal holiday.

11.16   The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.17   The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Lead Counsel, and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

11.18   The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

11.19   Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in this Court.

11.20   In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned (but not promptly deposited into the Settlement Fund by others), then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside

the releases given and the Judgment, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in Paragraphs 9.4 and 9.5 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided herein.

11.21   This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

11.22   If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery, facsimile, or email transmission, with confirmation of receipt.  Any written notice required pursuant to or in connection with this Stipulation shall be addressed to counsel as follows:

For Lead Plaintiff:

**SAXENA WHITE P.A.**

Joshua H. Saltzman
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
jsaltzman@saxenawhite.com

For Defendants:

**COOLEY LLP**

Sarah M. Lightdale

55 Hudson Yards New York, NY 10001
Tel: (212) 479-6000
slightdale@cooley.com

11.23   No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  It is the sole responsibility of each Settlement Class Member to determine the amount of and pay his, her, or its own taxes, plus any penalties and interest, on any amount received pursuant to the Settlement, and the Releasees shall have no liability for such taxes, penalties, or interest.  It is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

11.24   All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs.  The Parties' confidentiality obligations shall include, to the extent possible, negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation that remain confidential following the Effective Date.

**IN WITNESS WHEREOF**, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of July 29, 2025

**SAXENA WHITE P.A.**                              **COOLEY LLP**


By: _____         By: _____

Joseph E. White, III                              Sarah M. Lightdale
Lester R. Hooker                                  Aric H. Wu
7777 Glades Road, Suite 300               Reed A. Smith
Boca Raton, FL 33434                          Anne E. Bigler
Tel.: (561) 394-3399                             55 Hudson Yards

55 Hudson Yards New York, NY 10001
Tel: (212) 479-6000
slightdale@cooley.com

11.23    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. It is the sole responsibility of each Settlement Class Member to determine the amount of and pay his, her, or its own taxes, plus any penalties and interest, on any amount received pursuant to the Settlement, and the Releasees shall have no liability for such taxes, penalties, or interest. It is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

11.24    All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs. The Parties' confidentiality obligations shall include, to the extent possible, negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation that remain confidential following the Effective Date.

**IN WITNESS WHEREOF**, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of July 29, 2025

**SAXENA WHITE P.A.**                    **COOLEY LLP**

By: _____              By: _____

Joseph E. White, III                     Sarah M. Lightdale
Lester R. Hooker                          Aric H. Wu
7777 Glades Road, Suite 300               Reed A. Smith
Boca Raton, FL 33434                      Anne E. Bigler
Tel.: (561) 394-3399                      55 Hudson Yards

Fax: (561) 394-3382
lhooker@saxenawhite.com
jwhite@saxenawhite.com

**SAXENA WHITE P.A.**

Steven B. Singer
Joshua H. Saltzman
Sara DiLeo
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
ssinger@saxenawhite.com
jsaltzman@saxenawhite.com
sdileo@saxenawhite.com

*Lead Counsel for Lead Plaintiff*

New York, NY 10001
 Tel: (212) 479-6000
slightdale@cooley.com
ahwu@cooley.com
reed.smith@cooley.com
abigler@cooley.com

**COOLEY LLP**

Brett De Jarnette
3175 Hanover Street
Palo Alto, CA 94304
Tel: (650) 843-5000
bdejarnette@cooley.com

*Attorneys for Defendants Malibu Boats, Inc.,*
*Jack Springer, Bruce Beckman, David Black,*
*and Wayne Wilson*