UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETIREE BENEFIT TRUST OF THE CITY OF BALTIMORE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>MALIBU BOATS, INC., JACK SPRINGER, BRUCE BECKMAN, DAVID BLACK, and WAYNE WILSON,<br><br>Defendants. | No. 1:24-cv-03254-LGS<br><br>**CLASS ACTION** |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, (a) Lead Plaintiff Retiree Benefit Trust of the City of Baltimore ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below), and (b) Defendants Malibu Boats, Inc. ("MBI"), and Jack Springer, Bruce Beckman, David Black, and Wayne Wilson ("Individual Defendants" and, together with MBI, "Defendants") have entered into a Stipulation and Agreement of Settlement dated July 29, 2025 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement").

WHEREAS, unless otherwise defined in this Judgment, all capitalized terms herein shall have the same meanings as they have in the Stipulation.

WHEREAS, by Order dated October 8, 2025 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for

purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement and (e) scheduled a hearing regarding final approval of the Settlement.

WHEREAS, due and adequate notice has been given to the Settlement Class.

WHEREAS, the Court conducted a hearing on February 2, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants, and authorizing the Releases specified and described in the Stipulation (and in the Notice).

WHEREAS, the Court has reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation (Dkt. No. 61) and (b) the revised Postcard Notice (Dkt. No. 70-5), the revised long form Notice (Dkt. No. 70-1), and the revised Summary Notice (Dkt. No. 70-3), all of which were previously filed.

3. **<u>Adequacy of Representation</u>** – Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

4. **<u>Settlement Notice</u>** – The Court finds that the dissemination of the Postcard Notice, the online posting of the Notice, and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement and the Stipulation including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and the Stipulation and participate in the Settlement Hearing. The Court

further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed.  It is hereby determined that all members of the Settlement Class are bound by this Judgment.

5. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class.  Specifically, the Court finds that (a) the Settlement was negotiated by the Parties at arm's length; (b) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee and expense award; and (c) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and other Settlement Class Members are hereby dismissed with prejudice.  The Parties and the D&O Insurers shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

7. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or

seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

8.  **Releases** – The Releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

(a) Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Plaintiff Releasees shall be deemed to have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against the Defendant Releasees. Plaintiff Releasees shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining or continuing to prosecute any action or proceeding concerning any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees in any court of law or equity, arbitration tribunal, administrative forum or other forum of any kind. This Release shall not apply to any of the Excluded Claims.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendant Releasees shall be deemed to have, and by operation of this Stipulation, of law, and of the Judgment, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff Releasees. Defendant Releasees shall forever be barred and enjoined from commencing, instituting, prosecuting, maintaining or continuing to prosecute any action or proceeding concerning any or all of the Released Defendants' Claims against any of the Plaintiff Releasees in any court of law or equity, arbitration tribunal,

administrative forum or other forum of any kind. This Release shall not apply to any of the Excluded Claims.

(c) Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to Released Plaintiff's Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

9. Notwithstanding paragraphs 8(a) – (c) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** – The Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (aa) the truth of any fact alleged by Lead Plaintiff or any Settlement Class Member; (bb) the validity of any claim that was or could have been

6

asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (cc) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (dd) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (ee) any damages suffered by Plaintiffs or the Settlement Class; or (ii) in any way referred to for any other reason as against any of the Defendant Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    (b) shall be offered (i) against any of the Plaintiff Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees (aa) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (bb) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal or administrative action or proceeding (including any arbitration), other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

    (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; provided, however, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

12. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

13. Separate orders will be entered regarding approval of a Plan of Allocation and Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement** –Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead

Plaintiff, the other Settlement Class Members and Defendants, and the Parties shall revert to their respective positions in the Action as of May 15, 2025.

16. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.

The Clerk of the Court is respectfully directed to enter this final judgment and to close the motion at Dkt. No. 74.

Dated: February 9, 2026
    New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE