**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RETIREE BENEFIT TRUST OF THE CITY OF BALTIMORE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

MALIBU BOATS, INC., JACK SPRINGER, BRUCE BECKMAN, DAVID BLACK, and WAYNE WILSON,

Defendants.

**So Ordered.** The Clerk of Court is respectfully requested to close the motion at Dkt. 86.

Dated: August 6, 2026
New York, New York

No. 1:24-cv-03254-LGS

**CLASS ACTION**

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**~~[PROPOSED]~~ ORDER APPROVING**
**DISTRIBUTION OF NET SETTLEMENT FUND**

WHEREAS, in the above-captioned action (the "Action"), the Claims Administrator has completed the administration of the Settlement Fund, including the processing of all submitted Claim Forms, and is now prepared, with the approval of the Court, to distribute the net proceeds of the Settlement;

WHEREAS, on February 9, 2026, the Court granted Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF Nos. 82, 83) and retained jurisdiction over the Action, including the administration and distribution of the Net Settlement Fund;

WHEREAS, as referred to in the Order Preliminarily Approving the Settlement and Providing for Notice entered on October 8, 2025 (ECF No. 73), the deadline for Settlement Class Members to submit claims to participate in a distribution from the Net Settlement Fund was February 14, 2026;

WHEREAS, as reflected in the Declaration of Kathleen Brauns in Support of Lead Plaintiff's Motion for Approval of Distribution of Net Settlement Fund ("Brauns Declaration"), the Claims Administrator has completed the process of reviewing all submitted claims, and has made a recommendation as to the eligibility of each submitted claim;

WHEREAS, Lead Plaintiff and the Claims Administrator now seek authorization to distribute the Net Settlement Fund to Authorized Claimants; and

WHEREAS, after reviewing Lead Plaintiff's Notice of Motion and Motion for Approval of Distribution of Net Settlement Fund, the Memorandum of Law in support thereof, the Brauns Declaration, and all other exhibits and papers submitted in support thereof, the Court has determined that good cause exists for the relief requested.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, filed on July 31, 2025 ("Stipulation"; ECF No. 61) and in the Brauns Declaration, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, or in the Brauns Declaration.

2. This Court has continuing jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Lead Plaintiff's proposed Distribution Plan of the Net Settlement Fund to Authorized Claimants as set forth in the Brauns Declaration is APPROVED. Accordingly:

   a. The administrative determinations of the Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data") to accept the Valid Timely Claims set forth in Exhibit D to the Brauns Declaration and the Late but Otherwise Eligible Claims set forth in Exhibit E to the Brauns Declaration

are adopted.

b. A.B. Data's administrative determinations to reject the Rejected Claims, as set forth in Exhibit F to the Brauns Declaration, are adopted.

c. To encourage Authorized Claimants to cash their checks promptly, all distribution checks shall bear the notation: "DEPOSIT PROMPTLY, VOID AND SUBJECT TO REDISTRIBUTION IF NOT NEGOTIATED WITHIN 60 DAYS OF DISTRIBUTION." Lead Counsel and A.B. Data are authorized to take appropriate action to locate and contact Authorized Claimants who have not cashed their checks within said time as detailed in the Brauns Declaration.

d. If any funds remain in the Net Settlement Fund six (6) months after the Distribution, or sooner if practical, by reason of uncashed checks or otherwise, then, after A.B. Data has made reasonable and diligent efforts to have Authorized Claimants cash their distribution checks, the Claims Administrator shall, if Lead Counsel (in consultation with A.B. Data) determine that it is cost-effective to do so, conduct a redistribution of the Net Settlement Fund after payment of any unpaid fees and expenses incurred in administering the Settlement. That redistribution will be made to Authorized Claimants who have cashed their distribution checks and who would receive at least $10.00 from such redistribution. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer cost-effective to distribute.

e. No Claims received or adjusted after July 2, 2026, will be eligible for

payment or further adjustment, subject to the exception provided in the Brauns Declaration.

f. If any funds remain in the Net Settlement Fund after payment of any late or late-adjusted Claims and any redistribution(s), the remaining balance of the Net Settlement Fund, after payment of Notice and Administration Costs and Taxes, shall be contributed to the Public Justice Foundation, a non-profit organization dedicated to, among other things, investor education and advocacy. Lead Plaintiff shall file a notice identifying the amount of any proposed *cy pres* payment prior to payment to the Public Justice Foundation for Court approval.

4. The administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and, therefore, all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they have claimed against, they received, or they are to receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, or Lead Counsel, the Claims Administrator, the escrow agent or any other agent retained by Lead Plaintiff or Lead Counsel, and are bound by all of the terms of the Stipulation, including the terms of the Final Judgment, and will be barred from bringing any action against the Released Parties concerning the Released Claims, or in connection with the administration of the Settlement, or to claim against the Net Settlement Fund for any amount greater than that allocated to such Class Member as a

result of its submission of a valid proof of claim.

5. A.B. Data is authorized to destroy the paper and electronic copies of the Proof of Claim forms, and all related documentation, one (1) year after the distribution of the Net Settlement Fund is complete.

6. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.